UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LEANNE O'NEAL, AND JOSEPH O'NEAL, INDIVIDUALLY AND AS NEXT FRIENDS AND GUARDIANS OF G.O., A MINOR, *Plaintiffs*, | ) ) ) ) ) | 1:14-cv-00013-JMS-DML |
| *vs.* | ) ) | |
| BUMBO INTERNATIONAL TRUST F/K/A JONIBACH MANAGEMENT TRUST, *Defendant.* | ) ) ) | |

## ORDER

This case was recently transferred to this Court from the United States District Court for the Southern District of Texas. In light of this transfer, the Court must address several issues.

First, Plaintiffs filed this suit against Defendant alleging that this Court can exercise diversity jurisdiction over the matter. [Dkt. 1 at 1.] This Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). Having reviewed Plaintiffs' Complaint, the Court cannot assure itself that it can exercise diversity jurisdiction over this matter.

In their initial Complaint, Plaintiffs allege that they are citizens of Indiana, while Defendant Bumbo International Trust f/k/a Jonibach Management Trust "is a South African entity based in Gauteng, South Africa." [Dkt. 1 at 2-3.] These allegations fail to inform the Court which American business form Defendant most closely resembles. The Seventh Circuit Court of Appeals has said such information is required to adequately assess whether diversity jurisdiction exists. *See Global Dairy Solutions Pty Ltd. v. BouMatic LLC*, 2013 WL 1767964, at *1 n.1 (7th Cir. 2013) (analyzing the citizenship of the foreign corporation based on which American business form the foreign company most closely resembles) (citing *White Pearl*

*Invesiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684 (7th Cir. 2011)).  Therefore, if the parties agree on the matter, they must file a joint jurisdictional statement that properly sets forth the citizenship of Defendant in conformity with *Global Dairy* and *White Pearl*.  The parties should also confirm that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Should the parties not agree about these matters, they must file individual jurisdictional statements setting forth their positions by **January 23, 2014**.

Second, the Court recognizes that Defendant argued before the transferring Court that this Court does not have personal jurisdiction over it.  [Dkt. 79.]  Despite the transferring Court's "doubts" over whether this Court has personal jurisdiction over the Defendant, the case was transferred.  [Dkt. 80 at 5-6.]  If Defendant wishes to maintain its position that this Court does not have personal jurisdiction over it, it must file a Fed. R. Civ. P. 12(b)(2) motion so arguing by **January 23, 2014**.

Third, all attorneys in this case must be admitted to practice before this Court in accordance with either Local Rule 83.5(b) or (c).  Moreover, only attorneys who are admitted to practice before this Court and who have proper appearances in this case are entitled to receive service of Court entries and orders.  Counsel are thus cautioned that after this Notice, no further entries or orders will be served on attorneys who are not properly admitted to practice before this Court and have not properly appeared in this case.  The Court assumes that counsel not now admitted to practice before this Court will act promptly, pursuant to either Local Rule 83.5(b) or (c), to remedy that problem.  In the meantime, attorneys who are not currently admitted should frequently check the docket of this case through PACER to ensure that they do not miss any dates and deadlines.

Accordingly, the Court **ORDERS** the parties to file their jurisdictional statements with respect to subject matter jurisdiction in the manner set forth above by **January 23, 2014**. Further, the Court **ORDERS** Defendant, if it wishes to contest this Court's personal jurisdiction over it, to file its Fed. R. Civ. P. 12(b)(2) motion by **January 23, 2014**.

01/09/2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution by U.S. Mail to:**

Tarush R Anand
Brown Sims, P.C.
1177 West Loop South
10th Fl
Houston, TX 77027

Michael Ross Cunningham
Elizabeth Mitchell Cunningham
Rose Walker, LLP
3500 Maple Ave
Ste 900
Dallas, TX 75219